United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZAHER MOHAMED EISA,

Plaintiff,

v.

FEDERAL RESERVE BANK SAN FRANCISCO,

Defendant.

Case No. 26-cv-07967-JCS

**ORDER TO SHOW CAUSE RE DISMISSAL**

## I. INTRODUCTION

Plaintiff, who is representing himself, applied to proceed in forma pauperis and the Court granted his application. *See* Docket No. 6. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why his complaint is sufficient, no later than **November 30, 2026**. The Case Management Conference set for **November 4, 2026** is vacated.

## II. ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff alleges that on September 15, 2024, he applied for a Cash Handler position with the Federal Reserve Bank of San Francisco. Compl. ¶ 6. The next day he was "offered an invite to submit a pre-recorded video as part of the interview." *Id.* That same day, Plaintiff "contacted the 3rd party, SparkHire, [r]esponsible for processing the video, and let them know [he] could not

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

submit a video due to [his] disability." *Id.* The representative from SparkHire "suggested that [Plaintiff] contact the bank to request accommodations." *Id.* However, he was unable to do so because the email with the invitation stated "do not reply. This email [i]s not monitored." *Id.* Plaintiff further alleges that "[t]here was no phone number or email posted anywhere to request accommodations." *Id.*

Plaintiff asserts claims against the Federal Reserve Bank of San Francisco under Title VII of the Civil Rights Act of 1964 for failure to employ him based on disability, failure provide accommodations and failure to engage in the interactive process.

Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter on May 5, 2026. Plaintiff filed this action on July 31, 2026.

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of

United States District Court
Northern District of California

factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B. Whether Title VII Cover's Plaintiff's Claims**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, which prohibits employers from to "fail[ing] or refus[ing] to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C.A. § 2000e-2. Because Title VII does not cover disability discrimination, Plaintiff has brought this action under the incorrect statute.

Plaintiff may have intended to assert his claims under the Americans with Disabilities Act ("ADA"). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112(a). It further provides that "the term 'discriminate against a qualified individual on the basis of disability' includes" the following:

> (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or
>
> (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant[.]

42 U.S.C. § 12112(b)(5).[2]

However, as currently pled, the allegations in the Complaint are insufficient to state a claim under the ADA, as discussed further below.

### C. Whether the ADA Applies to Federal Reserve Banks

As a preliminary matter, the Court addresses the significance of the fact that Plaintiff has sued a branch of the Federal Reserve Bank. "[T]he Federal Reserve Banks carry out the functions of the United States' central bank—issuing and maintaining legal tender, *i.e.*, Federal Reserve Notes; acting as repository of Government funds; and interacting with foreign countries' central banks." *Fasano v. Fed. Rsrv. Bank of New York*, 457 F.3d 274, 277–78 (3d Cir. 2006). They were created in 1913, when Congress enacted the Federal Reserve Act ("FRA"), 12 U.S.C. § 221 *et seq*.

The FRA contains a provision that appears to give broad authority to Federal Reserve Banks with respect to hiring and firing, authorizing them to "appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this chapter, to define their duties, require bonds for them and fix the penalty thereof, and to dismiss at pleasure such officers or employees." 12 U.S.C. § 341(Fifth). However, courts have found that to the extent this broad language conflicts with later-enacted federal anti-discrimination statutes, the FRA has been implicitly amended by those statutes, including the ADA. *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 986 (9th Cir. 2005), as amended on denial of reh'g and reh'g en

---

[2] The Court notes that in his recently filed Case Management Conference statement, Plaintiff states that the legal issue in the case is the defendant's "[f]ailure to provide reasonable accommodations (42 U.S.C. § 12112(b)(5)(A))." Dkt. no. 12 at ECF p. 3. While the Court therefore assumes that Plaintiff *does* intend to bring this action under the ADA rather than Title VII, in his amended complaint Plaintiff should make clear that he is asserting claims under the ADA rather than Title VII.



United States District Court
Northern District of California

banc (Feb. 13, 2006) ("Federal anti-discrimination statutes are relevant to our inquiry because federally chartered banks are not exempt from liability under these laws.") (citing *Cooper v. Fed. Reserve Bank*, 467 U.S. 867 (1984) (holding that members of a class of black employees of a Federal Reserve Bank could maintain separate actions against the bank under Title VII); Enforcement Guidance on Coverage of Federal Reserve Banks, EEOC Decision No. N–915–002 (1993) EEOC Decision No. N–915–002 (1993) (concluding that Federal Reserve Banks are not executive agencies and are covered by Title VII, the ADEA, the Equal Pay Act ("EPA"), and the Americans with Disabilities Act ("ADA") as private employers); *see also Fasano v*, 457 F.3d at 288 (finding that FRA § 34 (Fifth), was impliedly amended by the ADA).

Therefore, the Court concludes that the Federal Reserve Bank of San Francisco is subject to the provisions of the ADA that prohibit discrimination based on disability with respect to hiring.

**D. Whether Plaintiff Has Adequately Alleged an ADA Claim**

To state a colorable claim for disability discrimination under the ADA, Plaintiff must allege that plaintiff: (1) is a disabled person under the ADA; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of plaintiff's disability. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017). In addition, Plaintiff's disability must have been known to Defendant in order to give rise to an inference of discrimination based on disability. *Alejandro v. ST Micro Elecs., Inc*, 129 F. Supp. 3d 898, 908 (N.D. Cal. 2015). Knowledge of an applicant's disability and associated need for reasonable accommodation on the part of an agent may be sufficient to meet the requirement that the employer had knowledge of the plaintiff's disability. *See id.* ("A supervisor's knowledge of an employee's disability is imputed to the employer because a supervisor is the employer's agent for purposes of vicarious liability for unlawful discrimination.") (cleaned up). However, "[v]ague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under . . . the ADA." *Id.* at 909.

The ADA defines a "disabled person" as an individual who has "a physical or mental impairment that substantially limits one or more of the individual's major life activities." *Coons v.*

*Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citing *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir.2000); 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g)). An impairment covered under the ADA includes any "physiological disorder or condition" or "any mental or psychological disorder." 29 C.F.R. § 1630.2(h). "Major life activities" includes "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and . . . [t]he operation of a major bodily function . . . ." 29 C.F.R. § 1630.2(i). "Substantially limited" means that a person is "significantly restricted as to condition, manner or duration under which [they] can perform [the] particular major life activity as compared to . . . [an] average person in the general population." 29 C.F.R. § 1630.2(j). A "qualified individual" under the ADA is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Lambdin v. Marriott Resorts Hospitality Corp.*, 2015 WL 263569, at *3 (D. Haw. Jan. 21, 2015) (citing 42 U.S.C. § 12111(8)).

In his complaint, Plaintiff has not alleged any facts in support of his allegation that he has a disability within the meaning of the ADA. Nor has he alleged that he was a "qualified individual" for the job for which he was applying, that is, that he was capable of performing the essential functions of the position with or without a reasonable accommodation. While Plaintiff "need not include any magical invocation of 'prima face case' language to satisfy Rule 8 requirements, . . . he cannot leave his opponent and the court with no information at all about whether or how he falls under the ADA." *Id.* Similarly, while Plaintiff's allegation that Sparkhire was handling the video submissions required as part of the application process is sufficient, under Rule 8's low threshold, to support an inference that it was acting as an agent of Defendant, Plaintiff has not alleged specific facts establishing that his statements to Sparkhire would have been sufficient to put Defendant on notice of his need for an accommodation even assuming that knowledge of those statements were imputed to Defendant. Instead, Plaintiff simply alleges that told Sparkhire he "could not submit a video due to [his] disability." Compl. at 2.

Therefore, Plaintiff's complaint is insufficient to survive the Court's screening review

United States District Court
Northern District of California

under 28 U.S.C. § 1915.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why his current complaint is sufficient. Plaintiff's response or amended complaint shall be filed by November 30, 2026. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any amended complaint must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments, which are currently being conducted by telephone or video-conference, can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: October 30, 2026

JOSEPH C. SPERO
United States Magistrate Judge